**EXHIBIT A**

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:*   -   TORT   -   MOTOR VEHICLE TORT -
CONTRACT   -   EQUITABLE RELIEF   -   OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX.SS.

SUPERIOR COURT
CIVIL ACTION
No. 14-893

_Colleen Graham_ _____ , Plaintiff(s)

v.

_Chrysler Capital, LLC, et al_ _____ , Defendant(s)

### SUMMONS

To the above named Defendant: _Chrysler Capital LLC, ✦_

You are hereby summoned and required to serve upon _Thomas Beaurais_ ,

plaintiff's attorney, whose address is _P O Box 761235, Melrose, MA 0217_ an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

_Newburyport_ _____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

WITNESS, BARBARA J. ROUSE , Esquire, at Salem, the
day of , in the year of our Lord two thousand

Copy Attest: _John Cotter_

_7/8/14_  Deputy Sheriff Suffolk County    _Thomas H. Driscoll Jr._

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20    , I served a copy of
the within summons, together with a copy of the complaint in this action, upon the within-named
defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated: _____, 20    . _____

N.B.    TO PROCESS SERVER:-
        PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
        THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

|                |
|----------------|
| , 20   .       |

COMMONWEALTH OF
MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION
No.

ESSEX. ss.

Plaintiff(s)

v.

Defendant(s)

**SUMMONS**
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                    ESSEX SUPERIOR COURT

COLLEEN GRAHAM,
        Plaintiffs,

            v.                                NO.

CENTRAL MOTORS, INC. OF NOR-
WOOD, AND CHRYSLER CAPITAL,
LLC,
        Defendants,

## COMPLAINT

The Plaintiff, Colleen Graham, brings the following complaint for damages and equitable relief. The Defendants engaged in unlawful and predatory lending conduct against Ms. Graham, including charging a usurious interest rate and engaging in unfair and deceptive conduct to induce the finance agreement.

## PARTIES

1.    The Plaintiff, Colleen Graham, is an individual who resides at 6 Perry Street, North Andover, Massachusetts.

2.    The Defendant, Central Motors, Inc. of Norwood ("Central Motors"), is a domestic corporation having its principal place of business at 56 Boston Providence Turnpike, Norwood, MA 02062. Central Motors has designated Peter Catanese at 38 Brookfield Road, Dover, MA 02030 as its registered agent.

3.    The Defendant, Chrysler Capital, LLC ("Chrysler Capital") is a foreign limited liability company having its principal place of business at 1000 Chrysler Drive, Auburn Hills, MI 48326.

## FACTS

4.    On or about May 22, 2013, Ms. Graham entered into a Retail Installment Sales Contract ("finance agreement") with Central Motors. The agreement was entered to purchase a 2012 Jeep Wrangler, VIN# 1C4AJWAG3CL147397 ("Vehicle"). As a result of the transaction, Ms. Graham became the owner of the Vehicle and Central Motors acquired a security interest in it.

5.    Ms. Graham purchased the vehicle for the personal and family use.

6.    At the time of the purchase, Ms. Graham had no experience with the purchase of
      an automobile or the extension of credit. Central Motors was aware of Ms. Gra-
      ham's inexperience at the formation of the finance agreement.

7.    The finance agreement required Ms. Graham pay $19,978.64 in finance charges
      on a principal amount of $25,547.00. The interest on the finance agreement is 21
      percent. Central Motors was indicated as the creditor of the finance agreement.

8.    Central Motors exploited Ms. Graham's inexperience to induce the execution of
      the finance agreement.

9.    Central Motors was not licensed as a motor vehicle sales finance company with
      the Massachusetts Commissioner of Banks at the time of the formation of the
      finance agreement. Central Motors failed to disclose it was not licensed to Ms.
      Graham.

10.   At some time after the execution of the finance agreement, Central Motors as-
      signed the agreement to Chrysler Capital.

11.   As a proximate result of the Defendants' actions, Ms. Graham has suffered eco-
      nomic and emotional damages, including, but not limited to, the cost of the fi-
      nance agreement, extreme embarrassment, shame, anxiety, and mental distress.

## COUNT I - TRUTH IN LENDING ACT

12.   Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

13.   Central Motors extended a loan deemed usurious under GLc. 271, § 49.

14.   Central Motors was required to prepare and provide cost of credit disclosures
      prior to the consummation of the finance agreement pursuant to the federal Truth
      in Lending Act, 15 U.S.C. § 1601, et seq., and state Consumer Credit Cost Dis-
      closure Act, GLc. 140D.

15.   In Ms. Graham's finance agreement, Central Motors failed to disclose clear and
      accurate Truth in Lending disclosures notifying her of material terms of the loan
      transaction, including, but not limited to, an accurate disclosure of her finance
      charges, amount financed, and annual percentage rate.

## COUNT II - UNIFORM COMMERCIAL CODE

16.     Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

17.     GLc. 106, § 9-201 requires a security agreement comply with all other applicable consumer protection and other laws governing the transaction.

18.     Central Motors charged a usurious interest rate under GLc. 271, § 49.

19.     Central Motors failed to obtain a motor vehicle sales finance company license in violation of GLc. 255B, § 2.

20.     Central Motors failed to make clear and accurate disclosures of the material terms of the loan transaction to Ms. Graham in violation of federal and state Truth in Lending Acts.

21.     As a result of Central Motor's non-compliance with applicable laws, it failed to comply with GLc. 106, Article 9. Ms. Graham is entitled to statutory remedies under GLc. 106, § 9-625.

### COUNT III - UNFAIR AND DECEPTIVE TRADE PRACTICES ACT

22.     Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

23.     Pursuant to GLc. 106, § 2-103(1)(b) and GLc. 106, § 9-102(a)(43), Central Motors owed a duty of good faith to Ms. Graham.

24.     Central Motors breached this duty by charging an unconscionable and unlawful interest rate for the Vehicle, preying on Ms. Graham's inexperience to induce the contract, and failing to obtain proper licensing to extend the finance agreement.

25.     As a result of the Defendants' actions, Ms. Graham has suffered economic and emotional damages.

### COUNT IV - NEGLIGENCE

26.     Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

27.     Pursuant to GLc. 106, § 2-103(1)(b) and GLc. 106, § 9-102(a)(43), Central Motors owed a duty of good faith to Ms. Graham.

28.   Central Motors breached this duty by charging an unconscionable and unlawful interest rate for the Vehicle, preying on Ms. Graham's inexperience to induce the contract, and failing to obtain proper licensing to extend the finance agreement.

29.   As a direct and proximate result of the Defendants' actions, Ms. Graham has suffered economic and emotional damages.

### COUNT V - FTC HOLDER RULE

30.   Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

31.   In the finance agreement, Central Motors included the following notice: "ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY TEH DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER."

32.   Pursuant to the above notice, and 16 C.F.R. Part 433, Chrysler Capital is liable for any claims against Central Motors.

### COUNT VI - RETAIL INSTALLMENT SALES OF MOTOR VEHICLES ACT

33.   Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

34.   Pursuant to GLc. 255B, § 19A "The holder of a retail installment contract or other person acting in his behalf, shall be subject to all defenses, real and personal, which the retail buyer may have against the retail seller thereof."

35.   Central Motors failed to obtain a motor vehicle sales finance company license in violation of GLc. 255B, § 2.

36.   Central Motors induced Ms. Graham into financing the agreement in spite its failure to be properly licensed.

37.   As a result of Central Motors failure to comply with the statute, Chrysler Capital must be barred from the recovery of any finance charge, delinquency or collection charge on the finance agreement.

WHEREFORE, Plaintiff prays for the following relief:

A.   Order the Defendants to rescind the sale of the vehicle and return any amounts paid by the Plaintiff on the finance agreement;

B.   Permanently enjoin the Defendants from recovery of any finance charge, delinquency or collection charge on the finance agreement;

C.   Award actual damages to be established at trial;

D.   Award double or treble plaintiff's actual damages established at trial;

E.   Award statutory damages in the amount twice the finance charge, not to exceed $5,000, pursuant to 15 U.S.C. § 1601 and GLc. 140D, § 32.

F.   Award statutory damages in the amount not less than the finance charges plus 10 percent of the principal amount, pursuant to GLc. 106, § 9-625.

G.   Award statutory damages in the amount of $500, pursuant to GLc. 255B, § 21.

H.   Award plaintiff costs and attorney fees; and

I.   Award such other relief as the court deems appropriate.

## JURY DEMAND

The Plaintiff demands a trial by jury on all appropriate issues.

Dated: 6/2/2014

Respectfully Submitted,
By Counsel,

Thomas Beauvais, Esq.
BBO# 679996
PO Box 761235
Melrose, MA 02176
(781) 462-1669
thomas@beauvaislegal.com

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF ESSEX | DOCKET NO. _____ |
|---|---|---|

**PLAINTIFF(S)** Colleen Graham

**DEFENDANT(S)** Central Motors, Inc. of Norwood, and Chrylser Capital, LLC

| | | |
|---|---|---|
| Plaintiff Atty | Thomas Beauvais | Type Defendant's Attorney Name |
| | | Defendant Atty |
| Address | PO Box 761235 | Address |
| City | Melrose State MA Zip Code 02176 | City State Zip Code |
| Tel. | 7814621669 BBO# 679996 | |

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.    TYPE OF ACTION (specify)    TRACK             IS THIS A JURY CASE?

**A99 Other (specify ) - Fast Track**        ◉ ] Yes  ○ ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
    1.  Total hospital expenses                    $_____
    2.  Total doctor expenses                      $_____
    3.  Total chiropractic expenses              $_____
    4.  Total physical therapy expenses        $_____
    5.  Total other expenses (describe)         $_____
                                 Subtotal  $_____
B.  Documented lost wages and compensation to date    $_____
C.  Documented property damages to date          $_____
D.  Reasonably anticipated future medical expenses    $_____
E.  Reasonably anticipated lost wages and compensation to date  $_____
F.  Other documented items of damages (describe)      $_____

G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                  Total $_____

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Economic loss and statutory damages for violations of Truth in Lending Act, UCC, 93A, breach of duty of good faith, and retail installment sales of motor vehicle act

                                **TOTAL**  $.31,825.30

**PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT** _____

AI hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods.

Signature of Attorney of Record _____    Date: 6/2/2014

A.O.S.C. 3-2007

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### * CONTRACTS

| | | |
|---|---|---|
| A01 | Services, Labor and Materials F) | |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth | (A) |
| | or Municipality | |

### *TORT

| | | |
|---|---|---|
| B03 | Motor Vehicle Negligence | (F) |
| | personal injury/property damage | |
| B04 | Other Negligence- | (F) |
| | personal injury/property damage | |
| B05 | Products Liability | (A) |
| B06 | Malpractice-Medical | (A) |
| B07 | Malpractice-Other (Specify) | (A) |
| B08 | Wrongful Death, G.L. c.229, s.2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury- slip & fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth | (A) |

### * REAL PROPERTY

| | | |
|---|---|---|
| C01 | Land Taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L. c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth | (A) |
| | or Municipality | |

### EQUITABLE REMEDIES

| | | |
|---|---|---|
| D01 | Specific Performance of Contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L. c. 231A | (A) |
| D99 | Other (Specify) | (F) |

### MISCELLANEOUS

| | | |
|---|---|---|
| E02 | Appeal from Administrative | |
| | Agency G.L. c. 30A | (X |
| E03 | Claims against Commonwealth | |
| | or Municipality | (A |
| E05 | Confirmation of Arbitration Awards | (X |
| E07 | G.L. c.112, s.12S (Mary Moe) | (X |
| E08 | Appointment of Receiver | (X |
| E09 | General Contractor bond, | |
| | G.L. c. 149, ss. 29, 29a | (A |
| E11 | Workers Compensation | (X |
| E12 | G.L.c.123A, s.12 (SDP Commitment) | (X |
| E14 | G. L. c. 123A, s. 9 (SDP Petition) | |
| E16 | Abuse Petition, G. L. c. 209A | (X |
| E16 | Auto Surcharge Appeal | () |
| E17 | Civil Rights Act, G.L. c.12, s. 11H | (A |
| E18 | Foreign Discovery Proceeding | (X |
| E19 | Sex Offender Registry G.L. c. 178M, | |
| | s. 6 | (X |
| E21 | Protection from Harassment c 268E | (X |
| E25 | Plural Registry (Asbestos cases) | |
| E95 | **Forfeiture G.L. c. 94C, s. 47 | (F |
| E96 | Prisoner Cases | (F |
| E97 | Prisoner Habeas Corpus | (X |
| E99 | Other (Specify) | (X |

*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.
**Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type
E95, Fast track.

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [ X ] Yes     [ ] |

## SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, **where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).**

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.