UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLLEEN GRAHAM, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Action No. 14-cv-13154-IT |
| | * |
| SANTANDER CONSUMER USA, INC. | * |
| and CENTRAL MOTORS, INC., | * |
| | * |
| Defendants. | * |

ORDER

November 14, 2014

TALWANI, D.J.

I. Introduction

Plaintiff Colleen Graham ("Graham") seeks an order remanding this case to state court on the ground that Defendant Santander Consumer USA, Inc. ("Santander") removed the case without the consent or joinder of Defendant Central Motors, Inc. ("Central Motors"). Because Central motors did not consent to or join in removal, Graham's Motion to Remand to State Court [#8] is ALLOWED.

II. Background

  A. Facts

Graham alleges that she entered into a financing agreement with Central Motors related to the purchase of a 2012 Wrangler. Compl. ¶ 4. According to Graham, Central Motors abused her inexperience and induced her to enter into a loan with exploitative terms, including a 21% interest rate and a financing charge of $19,978.64 on a principal of $25,547.00. Id. ¶¶ 7–8. Graham further alleges that Central Motors failed to make all required disclosures regarding

material terms of the agreement.  Id. ¶ 15.  Central Motors subsequently transferred its interest in the agreement to Santander.  Id. ¶ 10.

> B. *Procedural History*

Graham filed a complaint in Essex County Superior Court.  She stated claims against Central Motors for violation of the Truth in Lending Act, 15 U.S.C. § 1601, et seq., as well as various state laws.  Compl. ¶¶ 12–29.  Against Santander, Graham brought claims of assignee liability for Central Motor's alleged Truth in Lending Act violation as well as Central Motor's purported failure to receive the required license to operate a motor vehicle sales financing company.  Id. ¶¶ 30–37.

Graham served Santander with a summons on July 2, 2014, and Central Motors with a summons on July 11, 2014.  See Mem. Sup. Pl.'s Mot. Remand Exs. A–B [#8].  On July 25, 2014, Central Motors filed its Answer in state court.  See State Ct. Record, 10–13 [#9–1].  On July 29, 2014, Santander removed the case to federal court.  See Notice Removal [#1].  The notice of removal stated that the federal court had original jurisdiction over Graham's federal law claims.  Id. ¶¶ 1–2.  Santander did not indicate that Central Motors joined in or consented to the removal.  Central Motors did not file it own notice of removal within thirty days of receiving service of the complaint.

On August 27, 2014, Graham timely filed a motion to remand to state court and requested that the court award her attorney's fees incurred as a result of the improper removal.  See 28 U.S.C. § 1447(c).  Graham argued that remand was necessary because the notice of removal failed to properly join all defendants.  See id. § 1446(b)(2)(a).

III.     Discussion

When a civil action is removed on the ground that the federal court has original jurisdiction over claims therein, "all defendants who have been properly joined and served must join in or consent to the removal of the action." Id.; see also id. § 1441(a) (providing for removal based on federal question jurisdiction). The failure of all defendants to consent to or join in removal makes remand appropriate. See, e.g., Esposito v. Home Depot USA, Inc., 590 F.3d 72, 76 (1st Cir. 2009).

Santander argues that § 1446(b)(2)(a)'s joinder requirement does not control this case, which is properly governed by 28 U.S.C. § 1441(c). Section 1441(c) states that:

>   (1)     If a civil action includes—
>
>           (A)     a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
>           (B)     a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,
>
>   the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
>   (2)     Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. <u>Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1)</u>.

Id. § 1441(c) (emphasis added).

Even presuming Santander is correct that § 1441(c) governs this action, the complaint states a claim against Central Motors for a violation of the Truth in Lending Act—a federal law.

3

Accordingly, Central Motors is a "defendant against whom a claim described in paragraph (1)(A) has been asserted," and it must have consented to or joined in removal to make removal proper. See id. § 1441(c)(2). Because Central Motors did not consent to or join in removal, remand is appropriate. See Esposito, 590 F.3d at 76.

Graham also seeks an award of costs and fees associated with Santander's removal of this case to federal court. The Supreme Court has indicated that "[a]bsent unusual circumstances, courts may award attorney's fees . . . only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Here, despite the procedural flaw in removal, Santander had an objectively reasonable basis for removal at the time it filed its motion—the case involved a claim arising under federal law. Accordingly, the court in its discretion will not award fees.

Graham's Motion to Remand [#8] is ALLOWED, without an award of fees. Santander's Motion to Dismiss [#6] is DISMISSED as moot.

IT IS SO ORDERED.

November 14, 2014 /s/ Indira Talwani
United States District Judge